UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    vs.<br><br>JOSEPH PAUL YOUNG,<br><br>                      Defendant. | 4:08-CR-40151-RAL<br><br>ORDER DENYING MOTION FOR<br>COUNSEL AND DNA TESTING |

In August 2010, a federal jury convicted Joseph Paul Young on three counts of bank robbery. Doc. 59.[1] Young appealed his conviction and sentence, but the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Young, 644 F.3d 757 (8th Cir. 2011). Young then filed a habeas petition under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence. Civ. Doc. 1. In June 2013, this Court issued a lengthy opinion and order denying Young's § 2255 petition. Civ. Doc. 26. The Eighth Circuit denied Young's application for a certificate of appealability and dismissed his appeal. Civ. Doc. 41. In April 2020, over nine-and-a-half years after his conviction, Young filed a motion in his criminal case asking this Court to appoint counsel for him and to order DNA testing of a Minnesota baseball cap the government introduced against him at trial. Doc. 106. For the reasons explained below, this Court denies Young's motion.

---

[1]Documents filed in Young's criminal case will be referred to in citations with the preface "Doc." followed by the document number. Documents filed in Young's habeas case, 4:11-cv-4140-RAL, will be referred to in citations with the preface "Civ. Doc." followed by the document number.

## I.    Factual Background

Young is a serial bank robber.  He robbed three banks in South Dakota between August 13, 2007, and September 26, 2007, a bank in West Virginia in August 2008, and four banks in Minnesota between September 2007 and April 2008.  Civ. Doc. 26 at 2; United States v. Young, 701 F.3d 1235, 1238 (8th Cir. 2012).

The police arrested Young in 2008 and executed a search warrant at his residence.  Among other things, they found a Minnesota baseball cap that was identical to the hat Young wore on the video surveillance of the September 26, 2007 bank robbery in South Dakota and the video surveillance of two of the Minnesota bank robberies.  Civ. Doc. 26 at 6–8.

Young pleaded guilty to the West Virginia bank robbery and was convicted of the Minnesota and South Dakota bank robberies at two separate trials.  At Young's South Dakota trial, the government introduced the Minnesota baseball cap and argued that it matched the hat Young wore during the September 26, 2007 bank robbery in South Dakota and two of the robberies in Minnesota.  Doc. 85 at 45–46.

## II.   Analysis

Young asserts that the government never tested the Minnesota baseball cap for DNA and argues that the results of such a test would prove his innocence.  The Innocence Protection Act of 2004, codified in part at 18 U.S.C. § 3600, "allows federal prisoners to move for court-ordered DNA testing under certain circumstances."  Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 63 (2009).  Although Young does not cite § 3600, this Court will construe his motion as being made under that statute rather than as a successive habeas petition.  After all, this Court could not consider a second habeas petition by Young because he has not received the necessary authorization from the Eighth Circuit to file one.  United States v. Lee, 792 F.3d 1021,

1023 (8th Cir. 2015) ("[B]efore filing a second or successive petition in district court, a habeas applicant must receive an order authorizing it from the court of appeals.").

Section 3600 provides for DNA testing of evidence if ten requirements are met. As relevant here, these requirements include that the prisoner file the motion for DNA testing in a "timely fashion," 18 U.S.C. § 3600(a)(10), and show that the "proposed DNA testing of the specific evidence may produce new material evidence that would . . . raise a reasonable probability that the applicant did not commit the offense," § 3600(a)(8)(B). Young cannot meet either of these requirements.

A motion for DNA testing is presumptively untimely if it is not made within the later of 36 months after the prisoner's conviction or 60 months after the October 2004 enactment of the Innocence Protection Act. § 3600(a)(10)(A)–(B). Young's April 2020 motion for DNA testing is presumptively untimely because it came nearly nine years after his conviction became final. Although a prisoner can rebut the presumption of untimeliness by showing any one of four exceptions, § 3600(a)(B)(i)–(iv), Young cannot make this showing. Specifically, Young cannot show that he was incompetent and that this incompetence "substantially contributed" to his delay in filing this motion; that the Minnesota baseball cap is "newly discovered DNA evidence;" that his motion is based on something other than just his own assertion of innocence and that denial of the motion would result in a "manifest injustice;" or that "good cause" exists to excuse his delay. See id. Importantly, incarceration and ignorance of the law do not constitute "good cause" under § 3600(a)(B). United States v. Cowley, 814 F.3d 691, 699 (4th Cir. 2016).

Young also cannot show that DNA testing of the Minnesota baseball cap may produce "new material evidence that would . . . raise a reasonable probability" that he did not commit the September 26, 2007 bank robbery in South Dakota. As this Court explained in the opinion on

Young's habeas petition, the evidence against Young was overwhelming. Civ. Doc. 26 at 19, 29. Tellers from all three banks identified Young as the robber, and video surveillance from the bank Young robbed on September 26, 2007, captured clear images of Young and his car. Civ. Doc. 26 at 4–7. Although Young argues that a negative DNA test on the Minnesota baseball cap would prove his innocence, the cap did not play a significant role in his prosecution. True, the government mentioned the cap during closing arguments. But its case rested in large part on the tellers' eyewitness identifications and Young's physical resemblance to the robber in the surveillance videos. Beyond that, the government did not claim that Young's DNA was on the cap, and Young's lawyer stressed during closings that there was no physical evidence, including DNA, tying Young to the bank robberies. T. 52–54. Given these circumstances, a test showing that Young's DNA was absent from the Minnesota baseball cap—a result that could occur for any number of reasons—would not raise a "reasonable probability" that Young is innocent. See Osborne, 557 U.S. at 62 ("DNA testing alone does not always resolve a case. Where there is enough other incriminating evidence and an explanation for the DNA result, science alone cannot prove a prisoner innocent."); United States v. Roberts, 417 F. App'x 812, 824 (10th Cir. 2011) (concluding that DNA test would not lead to a reasonable probability that prisoner never handled gun because eyewitnesses testified they saw prisoner dispose of gun and "defense counsel told the jury in closing argument there was no DNA connecting [defendant] to the gun").

III.    **Conclusion**

For the reasons stated above, it is hereby

ORDERED that Young's Motion to Appoint Counsel, Motion for DNA Testing, Doc. 106, is denied.

DATED this ___5th___ day of June, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE